21-0790

Filed 8/27/2021 2:58 PM
Sherry Griffis
District Clerk
Harrison County, Texas

Lori Hightower
Deputy

CAUSE NO. ___21-0790___

| | | |
|---|---|---|
| LESTER DOUGLAS WALKER, JR., | § | IN THE DISTRICT COURT |
| JILLIAN MARANDA PADDIE, AND | § | |
| JAMALL WILLIAMS GAINES | § | |
| | § | |
| | § | |
| VS. | § | HARRISON COUNTY, TEXAS |
| | § | |
| CRETE CARRIER CORPORATION, | § | |
| CRETE CARRIER CORPORATION | § | |
| d/b/a SHAFFER TRUCKING, AND | § | |
| ALEXANDER RENE COLLAZO-ORTIZ | § | 71ST JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, LESTER DOUGLAS WALKER, JR., JILLIAN MARANDA PADDIE, and JAMALL WILLIAMS GAINES, hereinafter called Plaintiffs, complaining of, CRETE CARRIER CORPORATION, CRETE CARRIER CORPORATION d/b/a SHAFFER TRUCKING and ALEXANDER RENE COLLAZO-ORTIZ, hereinafter called Defendants, and for cause of action would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

#### I.

Discovery in this cause of action is intended to be conducted under Level 2 of Rule 190.3, Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

#### II.

Venue is proper in Harrison County pursuant to Chapter 15, Texas Civil Practice and Remedies Code, in that this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

A-2

Jurisdiction is proper in this Court in that this is a lawsuit seeking damages in excess of the minimum jurisdictional limits of the district courts of the State of Texas.

## PARTIES AND SERVICE

### III.

Plaintiff, LESTER DOUGLAS WALKER, JR., resides in Greenwood, Louisiana. The last three digits of Plaintiff's driver's license number are 145. The last three digits of Plaintiff's social security number are 000.

Plaintiff, JILLIAN MARANDA PADDIE, resides in Longview, Texas. The last three digits of Plaintiff's driver's license number are 728. The last three digits of Plaintiff's social security number are 784.

Plaintiff, JAMALL WILLIAMS GAINES, resides in White Oak, Texas. The last three digits of Plaintiff's driver's license number are 151. The last three digits of Plaintiff's social security number are 797.

Defendant, CRETE CARRIER CORPORATION, is a corporation organized under the laws of the State of Nebraska, engages in business in the State of Texas, and may be served with process by serving its registered agent for service of process, National Registered Agents, Inc., at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136, by certified mail, return receipt requested, issued by the District Clerk of Harrison County, Texas.

Defendant, CRETE CARRIER CORPORATION d/b/a SHAFFER TRUCKING, is a corporation organized under the laws of the State of Nebraska, engages in business in the State of Texas, and may be served with process by serving its registered agent for service of process, National Registered Agents, Inc., at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136, by certified mail, return receipt requested, issued by the District Clerk of Harrison County, Texas.

Defendant, ALEXANDER RENE COLLAZO-ORTIZ, resides at 39649 Plainview Rd., Woodsfield, Ohio 43793, and may be served with process at this address or wherever he may be found.

## FACTS AND CAUSES OF ACTION

### IV.

At approximately 11:12 a.m. on June 29, 2021, Plaintiff, LESTER DOUGLAS WALKER, JR., was traveling in a 2022 International tractor and towing a 2012 Wabash National Corp. trailer westbound on Interstate Highway 20, in the right-hand lane, approaching traffic slowed for road construction ahead, in Harrison County, Texas. At approximately 11:12 a.m. on June 29, 2021, Plaintiffs, JILLIAN MARANDA PADDIE and JAMALL WILLIAMS GAINES, were traveling in a 2005 Kia Sorento westbound in Interstate Highway 20, in the left-hand lane, approaching traffic slowed for road construction ahead, in Harrison County, Texas. Defendant, ALEXANDER RENE COLLAZO-ORTIZ, was operating a 2021 Freightliner tractor owned and/or leased by Defendants, CRETE CARRIER CORPORATION and/or CRETE CARRIER CORPORATION d/b/a SHAFFER TRUCKING, and towing a 2022 Wabash National Corp. trailer owned and/or leased by Defendants, CRETE CARRIER CORPORATION, CRETE CARRIER CORPORATION d/b/a SHAFFER TRUCKING, while in the course and scope of employment with Defendants, CRETE CARRIER CORPORATION, CRETE CARRIER CORPORATION d/b/a SHAFFER TRUCKING, and was traveling westbound on Interstate Highway 20, in the outside lane, and following behind Plaintiff, LESTER DOUGLAS WALKER, JR., in Harrison County, Texas. Suddenly and without warning, Defendant, ALEXANDER RENE COLLAZO-ORTIZ, failed to control the speed of his vehicle and struck the rear of Plaintiff LESTER DOUGLAS WALKER, JR.'s trailer, shoving Plaintiff LESTER

DOUGLAS WALKER, JR.'s tractor into Plaintiffs JILLIAN MARANDA PADDIE's and

JAMALL WILLIAMS GAINES's vehicle, subjecting Plaintiffs, LESTER DOUGLAS

WALKER, JR., JILLIAN MARANDA PADDIE, and JAMALL WILLIAMS GAINES, to

tremendous force.

## V.

Defendant, ALEXANDER RENE COLLAZO-ORTIZ, was negligent in various acts and

omissions, which negligence was the proximate cause of the occurrence in question which

includes, but is not limited to, the following:

1. Violating Section 545.351 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads in pertinent part:

   (a) An operator may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

   (b) An operator:

   > (1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

   > (2) shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.

2. Violating Section 545.062 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads in pertinent part:

   (a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

3. Failing to keep a proper lookout;
4. Failing to timely apply brakes;

---

Plaintiffs' Original Petition

5.    Failing to control the vehicle;
6.    Failing to act and/or respond in a reasonable manner; and
7.    Failing to control the speed of the vehicle.

Defendant ALEXANDER RENE COLLAZO-ORTIZ's conduct on the occasion in question violated 545.062 of Vernon's Texas Statutes and Codes Annotated, Texas Transportation Code, by Defendant, ALEXANDER RENE COLLAZO-ORTIZ, failing to keep an assured clear distance between his vehicle and the vehicles in which Plaintiffs were traveling, and colliding with Plaintiffs' vehicles, while Plaintiffs were traveling on Interstate Highway 20 in compliance with law and the duty of each person to use due care.

Section 545.062 of the Texas Transportation Code is designed to protect persons, traveling on roadways, from motor vehicle operators who are following too closely and who fail to keep an assured clear distance between vehicles. Plaintiffs are within the class of persons the statute was designed to protect.

Each of the foregoing acts of negligence was a proximate cause of the collision in question and the injuries and damages of Plaintiffs.

VI.

At the time and on the occasion in question, and immediately prior thereto, Defendants, CRETE CARRIER CORPORATION and/or CRETE CARRIER CORPORATION d/b/a SHAFFER TRUCKING, committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries to and the damages of Plaintiffs.

Defendants CRETE CARRIER CORPORATION's and/or CRETE CARRIER CORPORATION d/b/a SHAFFER TRUCKING's independent acts of negligence include, but are not limited to, the following:

1. Entrusting the subject vehicle to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject vehicle was unlicensed, incompetent, and/or reckless;

2. Hiring and continuing to retain an unsafe, unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unsafe, unlicensed, incompetent and/or reckless;

3. Failing to properly train, supervise and/or monitor Defendant, ALEXANDER RENE COLLAZO-ORTIZ;

4. Failing to maintain the vehicle in a reasonably safe or prudent manner; and

5. Failing to comply with federal and state laws and regulations concerning drivers and the maintenance or repair of motor vehicles, including, but not limited to, 49 C.F.R. 300-399, Chapter 521.459 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, and Vernon's Texas Statutes and Codes Annotated, Transportation Code Titles 1, 2, and 7.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiffs.

## VII.

At the time and on the occasion in question, and immediately prior thereto, Defendants, CRETE CARRIER CORPORATION and/or CRETE CARRIER CORPORATION d/b/a SHAFFER TRUCKING, were guilty of negligent entrustment and knew or should have known Defendant, ALEXANDER RENE COLLAZO-ORTIZ, was a negligent and reckless driver.

## VIII.

Defendants or their agents undertook, either gratuitously or for their own benefit, obligations to hire, train, supervise, direct, instruct, and/or control the performance of workers and/or the operation of equipment or vehicles. Defendants knew or should have known that such hiring, training, supervision, direction, instruction, control, and/or operation was necessary for Plaintiffs' protection. Defendants failed to exercise reasonable care in performing those

obligations. Plaintiffs or a third party relied on Defendants' performance, and Defendants' performance increased Plaintiffs' risk of harm.

IX.

Defendants, CRETE CARRIER CORPORATION and/or CRETE CARRIER CORPORATION d/b/a SHAFFER TRUCKING, are liable for the damages proximately caused to Plaintiffs by the conduct of Defendant, ALEXANDER RENE COLLAZO-ORTIZ, in that Defendants, CRETE CARRIER CORPORATION and/or CRETE CARRIER CORPORATION d/b/a SHAFFER TRUCKING, were the employer of Defendant, ALEXANDER RENE COLLAZO-ORTIZ, on the date that Defendant, ALEXANDER RENE COLLAZO-ORTIZ, negligently injured Plaintiffs, as alleged above, and Defendant, ALEXANDER RENE COLLAZO-ORTIZ, was acting within the course and scope of that employment when that injury occurred or Defendants, CRETE CARRIER CORPORATION and/or CRETE CARRIER CORPORATION d/b/a SHAFFER TRUCKING, had the right to control the activities of Defendant, ALEXANDER RENE COLLAZO-ORTIZ.

X.

Defendants committed willful acts or omissions of gross negligence, having actual knowledge of an extreme risk of harm and consciously disregarding that risk, that were a proximate cause of the injuries to Plaintiffs and the damages of Plaintiffs, and for which Plaintiffs are entitled to recover punitive damages, pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code. Furthermore, Defendants authorized the doing and the manner of the acts or omissions, Defendants recklessly employed an unfit agent and/or employee, Defendants employed a vice-principal or one who was in a managerial capacity and was acting in the scope of employment when they committed the acts or omissions, and/or Defendants or a

vice-principal or manager of Defendants ratified and/or approved the acts or omissions.

## DAMAGES FOR PLAINTIFFS

### XI.

As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiffs were caused to suffer and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs have incurred the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs for the necessary care and treatment of the injuries resulting from the accident;

B. Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering which, in reasonable probability, will be suffered in the future;

E. Mental anguish in the past;

F. Mental anguish which, in reasonable probability, will be suffered in the future;

G. Physical impairment in the past;

H. Physical impairment which, in reasonable probability, will be suffered in the future.

I. Disfigurement in the past;

J. Disfigurement which, in reasonable probability, will be suffered in the future;

K. Loss of earnings in the past;

L. Loss of earning capacity which, in reasonable probability, will be incurred in the future;

M.      Exemplary damages.

By reason of the above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.  In accordance with Texas Rule of Civil Procedure 47, Plaintiffs seek monetary relief over $1,000,000.00.

## XII.

Plaintiff, JILLIAN MARANDA PADDIE, has also suffered damages to her 2005 Kia Sorento as a result of this accident and Defendants' negligence and Plaintiff should be reimbursed for those damages as well as for the loss of use of her motor vehicle and trailer, along with any other property damage sustained in the accident.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; punitive damages; costs of court; and such other and further relief to which Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

GOUDARZI & YOUNG, L.L.P.
P.O. Drawer 910
Gilmer, Texas 75644
Telephone:  (903) 843-2544
Facsimile:  (903) 843-2026
E-Serve: goudarziyoung@goudarzi-young.com

By: _____

    Brent Goudarzi
    State Bar No. 00798218
    Marty Young
    State Bar No. 24010502

ATTORNEYS FOR PLAINTIFFS

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Shannon Happney on behalf of J. Goudarzi
Bar No. 00798218
shappney@goudarzi-young.com
Envelope ID: 56762073
Status as of 8/30/2021 9:12 AM CST

Associated Case Party: LesterDouglasWalker

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brent Goudarzi | | goudarziyoung@goudarzi-young.com | 8/30/2021 9:03:40 AM | SENT |